IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 1 9 2008
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| MARCO ANTONIO ROMERO, PRO SE, §<br>A.K.A. Marco Romero Gutierrez, §<br>A.K.A. Marco Antonio Romero Gutierrez, §<br>TDCJ-ID #1145768, §<br>Previous TDCJ-ID #381452, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>JERRY D. HODGES, Lt., and §<br>DEAF SMITH COUNTY SHERIFF'S DEPT., §<br>§<br>Defendants. § | 2:08-CV-0048 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff MARCO ANTONIO ROMERO, also known as Marco Romero Gutierrez, also known as Marco Antonio Romero Gutierrez, acting pro se and while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915.

By his August 28, 2008 amended complaint, plaintiff complains that he was unlawfully detained and arrested by defendant HODGES, of the defendant DEAF SMITH COUNTY SHERIFF'S OFFICE, on Monday, May 15, 2000. Plaintiff alleges defendant HODGES inflicted

emotion distress by fabricating evidence, withholding exculpatory evidence, conspiring to falsely arrest and maliciously prosecute plaintiff, acting negligently "toward freedom of speach [sic]," and that plaintiff was denied equal protection of the law at the Deaf Smith County Court House.

Plaintiff requests that an unidentified record be expunged and that he be awarded damages in an unspecified amount.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

All the acts or omissions plaintiff states the defendants committed are alleged to have occurred in the year 2000.

Plaintiff dated his complaint as having been signed on August 21, 2008. For purposes of this analysis, the Court assumes a filing date of August 21, 2008. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Limitations has expired, and plaintiff's claims arising from events in May of 2000 have expired with it. Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above, pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff MARCO ANTONIO ROMERO, also known as Marco Romero Gutierrez, also known as Marco Antonio Romero Gutierrez, is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this ____19th____ day of September, 2008.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE